```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

DEBRA R. NICHOLSON,                :
                                   :
    Plaintiff,                     :
                                   :
vs.                                :   CIVIL ACTION 03-0705-M
                                   :
JO ANNE B. BARNHART,               :
Commissioner of                    :
Social Security,                   :
                                   :
    Defendant.                     :

<u>MEMORANDUM OPINION AND ORDER</u>

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 21), Defendant's Response to Plaintiff's Petition for Authorization of Attorney Fees, in which she notifies the Court that she does not oppose the Petition (Doc. 23), and Petitioner's Supplement to Petition for Authorization of Attorney Fees (Doc. 25).  After consideration of all pertinent materials in the file, it is **ORDERED,** without objection by the Government, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted and that Plaintiff's attorney, Byron A. Lassiter, be awarded a fee of $2,475.25 for his services before this Court.

Plaintiff hired Mr. Lassiter on May 28, 2002, to pursue her claims for Supplemental Security Income benefits after her claim was denied initially and at the hearing level.  At that time, it was agreed that Mr. Lassiter would receive 25 percent of past-due benefits paid to Plaintiff.  A written contingent fee agreement

was executed by Plaintiff on September 30, 2003 (Doc. 21, Ex. C).

For the past approximately 4 years and 8 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for Supplemental Security Income benefits, which application was denied initially and at the hearing level on January 24, 2003, by the Administrative Law Judge (ALJ).  After denial of her application for Supplemental Security Income benefits by the SSA, Plaintiff filed this action on October 22, 2003, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).

Defendant, on April 12, 2004, filed a Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. 405(g) With Remand of the Cause to the Defendant (Doc. 12).  The Court, after reviewing Defendant's Motion, and without objection from Plaintiff, entered a Report and Recommendation that this action be reversed and remanded for further administrative proceedings (Doc. 13).  By Order dated May 19, 2004, Judge Hand adopted the Report and Recommendation as the opinion of the Court and reversed and remanded this action to the Commissioner for further proceedings (Docs. 14, 15).

Pursuant to this Court's Order, the claim was remanded by the Appeals Council in an order dated October 21, 2004, to the Office of Hearings and Appeals for further proceedings.  A supplemental

hearing was held on August 15, 2005, after which the ALJ issued a Fully Favorable Decision on May 17, 2006, in which he found Plaintiff disabled and entitled to benefits under XVI of the Social Security Act.

The Social Security Administration issued a letter dated July 31, 2006 (Doc. 21, Ex. B), stating that the total amount of Plaintiff's past-due Supplemental Security Income benefits is $31,101.00 for December 2001 through July 2006.  The letter further states that the amount of $5,300.00 was withheld for payment of attorney fees.  Twenty-five percent of the total amount of Plaintiff's total past-due benefits of $31,101.00 is $7,775.25, which is the amount that should have been withheld. Inadvertently, only $5,300.00 was withheld and paid to Mr. Lassiter on or about August 4, 2006[1].  Mr. Lassiter requests a fee in the amount of $2,475.25 for his services before this Court. This sum, when added to the $5,300.00 administrative attorney fee, amounts to $7,775.25, equaling 25% of Plaintiff's past-due benefits.

On November 13, 2006, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $2,475.25 (Doc. 21).

---

[1] *See* Petitioner's Supplement to Petition for Authorization of Attorney Fees, which discusses the Commissioner's authority to withhold payment for attorney fees in SSI actions on a five-year trial basis commencing February 28, 2005 (Doc. 25).

Mr. Lassiter spent a total of 11.3 hours before this Court and has represented Plaintiff before this Court since 2003, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 21).  Defendant has no objection to the requested fee (Doc. 23).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due

---

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25

percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822. In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. Id. at 1822. By Order and Judgment entered September 27, 2004, the Commissioner was ordered to pay counsel for Plaintiff the amount of $1,412.50 in fees pursuant to EAJA. In the instant petition, Mr. Lassiter requests the Court to include in its order a provision requiring that counsel for Plaintiff pay to Plaintiff the sum of $1,412.50, which amount is currently held in trust for her benefit.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with

approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g.,* McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard).  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same).  In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.  See Rodriquez, 865 F.2d at 741.  Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for

  highly respectful review.

122 S.Ct. at 1828-1829.

  A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. <u>Wells</u>, 907 F.2d at 372. A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction. <u>Id</u>. at 372.

  Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable. Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

  After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2003 in this

Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $2,475.25 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED**, without objection from Defendant, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee in the amount of $2,475.25 for his services before this Court.  It is **FURTHER ORDERED** that Mr. Lassiter pay to Plaintiff the sum of $1,412.50, which sum represents the EAJA fee counsel was previously awarded and which is currently held in trust for Plaintiff's benefit.

DONE this 29th day of January, 2007.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
